UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
DAMEON HOYTE                                    Case No.: 17-cv-1269

     Plaintiff,

                **COMPLAINT**

  -*against*-

                JURY TRIAL DEMANDED

CITY OF NEW YORK,
POLICE OFFICER JASON BRODERICK,
*and* SERGEANT DANIEL NICOLETTI

     Defendants.
---------------------------------------------------------X

  Plaintiff, DAMEON HOYTE, by his attorney, Alexis G. Padilla, Esq., complaining of the defendants, The CITY OF NEW YORK, Police Officer JASON BRODERICK, Tax No.: 945528 ("P.O. BRODERICK") and Sergeant DANIEL NICOLETTI, Tax No.: 942271 ("SGT. NICOLETTI) upon information and belief alleges as follows:

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff, DAMEON HOYTE, seeks relief for the defendants' violation of his rights as secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that the events giving rise to this claim occurred within the boundaries of the Eastern District of New York.

**JURY TRIAL DEMANDED**

4. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

**PARTIES**

5. Plaintiff is a United States citizen of full age residing in Kings County, New York.

6. Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of the Defendant Police Officer.

7. Defendant P.O. BRODERICK was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, Defendant P.O. BRODERICK acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New

York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

8. Defendant SGT. NICOLETTI was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant SGT. NICOLETTI acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

## STATEMENT OF FACTS

9. On or about February 4, 2016 at approximately 7:30 P.M. plaintiff was in the vicinity of 153 Grafton Street in Brooklyn.

10. For several hours prior, plaintiff was inside of 153 Grafton Street visiting with his son in the home of the child's mother.

11. At around 7:30 P.M. plaintiff emerged from the home with the intention of buying food and returning.

12. As plaintiff exited, he observed three individuals standing on the sidewalk in front of the house.

13. These individuals were unknown to plaintiff.

14. Plaintiff exited from the gated front area and stood for a moment on the sidewalk to have a cigarette.

15. Then, seemingly out of nowhere, plaintiff was swarmed by police officers, including defendant P.O. BRODERICK.

16. Plaintiff, along with the three other individuals, was put against the wall.

17. Plaintiff was frisked, searched and handcuffed.

18. Defendant P.O. BRODERICK then began to search in the gated front area where he allegedly retrieved a handgun wrapped in a ski mask.

19. Defendant P.O. BRODERICK then announced that the three other individuals were free to go but that plaintiff was under arrest.

20. Plaintiff was placed inside of an NYPD vehicle at approximately 8:00 P.M. on February 4, 2016.

21. Plaintiff was transferred to the 73rd Precinct and placed inside of a holding cell where he remained for a period of time.

22. At some point after plaintiff was taken into custody, plaintiff's arrest was approved by defendant SGT. NICOLETTI, who knew or should have known from a review of the available evidence that plaintiff was arrested without probable cause but who nonetheless failed to intervene and put a stop to plaintiff's illegal detention.

23. From the 73rd precinct plaintiff was transferred to Central Booking in Brooklyn where he was arraigned before the Kings County Criminal Court and granted bail on charges of criminal possession of a weapon in the second and fourth degree as well as criminal possession of a firearm.

24. At arraignment, plaintiff was granted bail, which he elected to pay.

25. Plaintiff was released from police custody at just after 1:00 A.M. on Saturday, February 6, 2016 – nearly 30 hours after he was initially arrested.

26. In a sworn criminal complaint dated February 5, 2016 defendant P.O. BRODERICK stated that he observed plaintiff place a handgun wrapped inside of a ski mask in a planter in front of the building at 153 Grafton Street.

27. However, on April 22, 2016, the Grand Jury of the County of Kings heard the evidence against plaintiff and dismissed the matter in plaintiff's favor (GJ Case No. 01180-2016).

28. At all times relevant to this complaint, plaintiff was entirely innocent of the crimes for which he was arrested and charged by defendants P.O. BRODERICK and SGT. NICOLETTI.

## AS FOR A FIRST CAUSE OF ACTION
*DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983*

29. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

30. At all times during the events described above defendant P.O. BRODERICK lacked probable cause to arrest plaintiff.

31. At all times during the events described above defendant P.O. BRODERICK lacked probable cause to charge plaintiff with criminal conduct.

32. All of the aforementioned acts of defendant P.O. BRODERICK were carried out under the color of state law.

33. All of the aforementioned acts of defendant P.O. BRODERICK occurred under the supervision of defendant SGT. NICOLETTI.

34. All of the aforementioned acts deprived plaintiff of the rights, privileges and

immunities guaranteed to citizens of the United States by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

35. The acts complained of were carried out by the defendants in their capacity as police officers, with all actual and/or apparent authority afforded thereto.

36. The acts complained of deprived plaintiff of his rights:

    A. To be free from false arrest;

    B. To be free from deprivation of liberty without due process of law; and

    C. To receive equal protection under the law.

## AS FOR A SECOND CAUSE OF ACTION

*MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983 AGAINST THE CITY OF NEW YORK*

37. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

38. The CITY OF NEW YORK directly caused the constitutional violations suffered by plaintiff, and is liable for the damages suffered by plaintiff as a result of the conduct of the defendant P.O. BRODERICK. The conduct of the defendant P.O. BRODERICK was a direct consequence of inadequate training and supervision of police officers by defendant CITY OF NEW YORK and its agent, the New York Police Department.

39. At all times relevant to this complaint defendant CITY OF NEW YORK through its agent, the New York Police Department, had in effect policies, practices, and customs that allow for police officers to make arrests without probable cause and in flagrant violation of their sworn oaths to uphold the Constitution.

40. At all times relevant to this complaint it was the policy and/or custom of the CITY OF NEW YORK to inadequately train, supervise, and discipline its police officers, thereby failing to adequately discourage reckless misadventures of the sort described in this complaint.

41. As a result of the policies and customs of the CITY OF NEW YORK and its agency the New York Police Department, police officers – including the defendants on the day of the incident in question – believe that their unconstitutional actions will not result in discipline but will in fact be tolerated.

42. The wrongful polices, practices and customs complained of herein, demonstrate a deliberate indifference on the part of policymakers of the CITY OF NEW YORK to the constitutional rights of persons within the city, and were the direct and proximate cause of the violations of plaintiff's rights alleged herein.

**WHEREFORE,** plaintiff demands relief jointly and severally against all of the defendants for compensatory damages in an amount to be determined by a jury; punitive damages in an amount to be determined by a jury; costs, interest and attorney's fees, and such other and further relief as this Court may deem just and proper.

Dated: 03/07/2017
      Brooklyn, NY

By:     /s/Alexis G. Padilla
    Alexis G. Padilla, Esq. [AP8285]
    *Attorney for Plaintiff*
    *Dameon Hoyte*
    575 Decatur Street #3
    Brooklyn, NY 11233
    (917) 238-2993
    alexpadilla722@gmail.com